REQUESTED BY: Director, State Department of Public Welfare, Lincoln, Nebraska.
Does a Nebraska County Attorney have a duty under sections 42-762 to 42-7,104, R.R.S. 1943, to pursue a URESA action for a debt to another state, when the original obligee no longer is a recipient of public assistance?
Yes.
The Uniform Reciprocal Enforcement of Support Act (URESA) addresses the duty of one state to another in the collection of child support. A review of the appropriate statutes indicates that a responding state (where the obligor is located) has a duty to collect past payments for public assistance made to a recipient (obligee) by the initiating state.
Section 42-763(f), states an `obligee' means a person including a state or political subdivision to whom a duty of support is owed.
Section 42-763(b) covers the matter of past payments:
 (b) "Duty of support means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid."
It is necessary to consider the above cited statutes in conjunction with section 42-769 which provides that where a state or a political subdivision furnishes support to an individual obligee, it shall have the same right to initiate a proceeding as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuous support.
URESA legislation was intended to facilitate interstate enforcement of support and the act specifically provides in section 42-779(c) that if the prosecuting attorney (of the responding state) neglects or refuses to represent the obligee the Attorney General may order him to comply with the request of the court or may undertake the representation.
Our review of the above cited URESA statutes bring us to the conclusion that there can be no other interpretation but that the county attorney does have a duty to pursue the collection of payments that have been made by another state to a recipient of public assistance. The fact that there are not current payments going to the recipient does not abrogate that duty.